PETER C. WOLFF, JR.  #2332
Federal Public Defender
District of Hawaii

DONNA M. GRAY  # 4519
Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii   96850-5269
Telephone:  (808) 541-2521
Facsimile:  (808) 541-3545
E-Mail:      fpdhi@hotmail.com

Attorney for Defendant
ANDREW BAILEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00278 DAE |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S FRANKS MOTION |
| | ) | TO SUPPRESS; MEMORANDUM OF |
| vs. | ) | LAW IN SUPPORT OF |
| | ) | DEFENDANT'S FRANKS MOTION |
| ANDREW BAILEY, | ) | TO SUPPRESS; EXHIBITS A-F; |
| | ) | DECLARATION OF COUNSEL; |
| Defendant. | ) | CERTIFICATE OF SERVICE |
| | ) | |

O:\GIFFORD\MOTIONS\Bailey\mts-Franks\B-motion.wpd

**DEFENDANT'S *FRANKS* MOTION TO SUPPRESS**

Pursuant to Franks v. Delaware, 438 U.S. 154 (1978), defendant ANDREW BAILEY, through counsel, moves this Honorable Court to suppress any and all evidence that the government obtained as a result of executing an invalid,

defective search warrant. The affidavit in support of the warrant contains material misinformation that appears, at the very least, to have been included in the affidavit in reckless disregard of its veracity. The affidavit also omits material information. When this misinformation is stricken from the affidavit, the affidavit does not establish the requisite probable cause to issue the warrant. Considering omitted material information further confirms that probable cause did not exist to issue the warrant.

The appended exhibits satisfy Bailey's preliminary obligation under Franks, and he thus requests, and is entitled to, an evidentiary hearing on this motion. Exhibit A consists of United States Immigration and Customs Enforcement Special Agent Siave P. Iafeta's affidavit for a search warrant. This is the affidavit that Bailey contends recklessly contains false information and omits other information that was crucial to the determination of probable cause to issue the warrant. Most notably, Bailey contests the veracity of paragraphs 35 and 36 of the affidavit. In paragraph 35, Agent Iafeta asserts that a Norwegian law enforcement officer, "Investigator Kvinnegaard,"[1] conducted "a search" of "the FastTrack network" on the internet "using the term 'Underage[']" and "saw that a computer connected to the network via IP address 24.161.147.253 had multiple files responsive to his search." In paragraph

---

[1] Agent Iafeta misspells Investigator Kvinnegard's name.

36, Agent Iafeta asserts that "Investigator Kvinnegaard then downloaded twenty-eight (28) files from the IP address 24.161.147.253" and lists the file names of these 28 files. Exhibit C consists of an e-mail letter sent by Norway National Criminal Investigation Service Investigator Lars Kvinnegard to Vernon Branco, an investigator employed by Bailey's counsel. In this letter, Investigator Kvinnegard states that he did not download *any* files from the IP address 24.161.147.253 (or any other IP address). Nor did he search the FastTrack network using the term "Underage." As such, all references to "downloading" and the purported keyword search that Agent Iafeta misleadingly and falsely asserts that Investigator Kvinnegard undertook should be stricken from the affidavit under <u>Franks</u>.

        Exhibit B consists of a copy of the search warrant issued in this case. And Exhibit D consists of a copy of an affidavit prepared in another case that derived from the same investigation conducted by the Norwegian and Danish authorities. This affidavit was prepared by Federal Bureau of Investigation Special Agent Jay D. Johnston, who is assigned to the Marquette, Michigan Resident Agency. It further confirms that Agent Iafeta's affidavit contains misleading omissions and outright fabrications. Specifically, it confirms that Operation Enea investigators did *not* actually download files. It also reflects that Agent Iafeta falsely asserted that a master database compiled by Norwegian and Danish investigators -- to which files found on

3

the FastTrack network were purportedly matched -- contained only known child pornography files, as opposed to merely suspected child pornography files. Agent Johnson's affidavit further reveals that Agent Iafeta omitted the fact that this master database also contained files that were not child pornography at all. When any material omissions are considered and any false statements are disregarded, probable cause did not exist to issue the warrant. Exhibit E consists of a copy of Agent Iafeta's affidavit with the portions that should be redacted highlighted in yellow. Exhibit F consists of a copy of the affidavit with the portions that should be redacted omitted in their entirety, which Bailey submits to ease this Court's determination of whether probable cause remains to issue the warrant.

In accord with the foregoing and the appended memorandum of law, all evidence obtained as a result of its execution is inadmissible at trial.

This motion is brought pursuant to Fed. R. Crim. P. 12 and 47. It is predicated upon the Fourth Amendment to the United States Constitution, <u>Franks</u>, and any other applicable constitutional or statutory provision, case law, or rule. Defendant's memorandum of law in support of his <u>Franks</u> Motion to Suppress, the appended exhibits and declaration, as well as any evidence and argument adduced and made at a hearing on this motion further support it.

DATED:  Honolulu, Hawaii, April 3, 2006.

/s/ Donna M. Gray
DONNA M. GRAY
Attorney for Defendant
ANDREW BAILEY

In the United States District Court, for the District of Hawaii,
United States v. Bailey, Cr. No. 05-00278 DAE, Defendant's Franks Motion to Suppress

5